IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

LAMARK MEDIA GROUP, LLC,　　　　　　Case No.:
a Delaware limited liability company,

    Plaintiff,

v.

YOURS SKINLABS PTE LTD.
d/b/a LOVE FROM YOURS,
a Singapore private limited company,

    Defendant.
_____/

## COMPLAINT

Plaintiff LAMARK MEDIA GROUP, LLC ("Lamark") hereby sues Defendant YOURS SKINLABS PTE LTD. d/b/a LOVE FROM YOURS ("YS"), and states as follows:

## STATEMENT OF THE CASE

1. This is an action for breach of contract stemming from YS's failure to pay monies owed under the parties' Master Services Agreement, Insertion Order, and related invoices.[1]

## PARTIES, JURISDICTION AND VENUE

2. Lamark is a Delaware limited liability company with its principal place of business in Boca Raton, Florida.

3. YS is a Singapore private limited company registered to do business in Singapore.

4. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. § 1332(a)(2) because the matter in controversy exceeds the sum or value of $75,000,

---

[1] All capitalized terms in this paragraph are defined in paragraphs 12 and 13, respectively.

#2694832v1-998556.0016

exclusive of interest and costs, and is between a citizen of a State and a citizen or subject of a foreign state that is not lawfully admitted for permanent residence in the United States and domiciled in Florida.

5.  This Court possesses personal jurisdiction over YS pursuant to Fla. Stat. § 48.193(1)(a)(1) because it is operating, conducting, engaging in, and/or carrying on a business or business venture in Florida. YS utilized the services of Lamark from Palm Beach County, Florida, and Lamark effectively served as a division of YS's marketing department. YS is further subject to personal jurisdiction in this Court pursuant to Fla. Stat. § 48.193(1)(a)(9) because it entered into the Master Services Agreement with Lamark, and said contract complies with Fla. Stat. § 685.102. Said Master Services Agreement calls for the application of Florida law, as well as the submission to jurisdiction in the state and federal courts of Palm Beach County, Florida. Additionally, YS should reasonably anticipate being hailed into court in the United States because, upon information and belief, it has affiliate entities in the United States including, but not necessarily limited to, an entity by the name of Yours Skincare Inc.

6.  Venue is proper in this Court pursuant to the parties' Master Services Agreement, which mandates venue in Palm Beach County, Florida. Additionally, the services performed on behalf of YS by Lamark were done from Palm Beach County, Florida. *See* 28 U.S.C. § 1391(b)(2) and (3).

7.  All conditions precedent to the filing of this lawsuit have been performed, satisfied, and/or waived.

8.  Lamark was required to retain the undersigned counsel to enforce its rights as set forth herein, and agreed and obligated itself to pay a reasonable fee for their services.

#2694832v1-998556.0016

## BACKGROUND

9. Lamark is a full-service firm that provides performance-focused marketing and advertising initiatives across a variety of platforms. It specializes in digital marketing and advertising programs for its clients that facilitate brand and product awareness, and consumer engagement.

10. YS is a business that sells skincare products.

11. On or about March 30, 2021, Lamark and YS executed that certain document entitled Master Services Agreement. A true and correct copy of the Master Services Agreement ("MSA") is attached hereto as **Exhibit A**.

12. On or about March 30, 2021, Lamark and YS also executed an Integrated Insertion Order ("Insertion Order") for Lamark's Integrated Digital Marketing Program and Strategic Creative Programs, and the Insertion Order set forth the scope of Lamark's services. A true and correct copy of the Insertion Order is attached hereto as **Exhibit B**.

13. Pursuant to the MSA and the Insertion Order, Lamark agreed to and did, in fact, provide digital marketing and advertising services for YS.

14. Consistent with its services under the MSA and Insertion Order, Lamark sent to YS a series of invoices as follows in the ordinary course of business:

   a. Invoice 96961 dated April 15, 2021 in the amount of $8,000.00
   b. Invoice 97184 dated May 31, 2022 in the amount of $8,000.00
   c. Invoice 97319 dated June 30, 2021 in the amount of $8,000.00
   d. Invoice 97603 dated July 30, 2021 in the amount of $8,000.00
   e. Invoice 97568 dated August 31, 2021 in the amount of $3,000.00
   f. Invoice 49517 dated September 30, 2021 in the amount of $12,000.00
   g. Invoice 98032 dated October 31, 2021 in the amount of $12,000.00
   h. Invoice 98401 dated November 30, 2021 in the amount of $12,000.00
   i. Invoice 98588 dated December 30, 2021 in the amount of $12,000.00
   j. Invoice 98777 dated January 31, 2022 in the amount of $12,000.00
   k. Invoice 98912 dated February 28, 2022 in the amount of $12,000.00
   l. Invoice 99138 dated March 31, 2022 in the amount of $12,000.00

#2694832v1-998556.0016

True and correct copies of the aforementioned invoices are attached hereto as **Composite Exhibit C** and are collectively referred to as the "Invoices."

15. YS did not object to any of the Invoices.

16. By letter dated January 12, 2023, Lamark advised YS that YS was contractually obligated to pay Lamark's past-due invoices totaling $119,000.00, and that it had waived any right to object to those invoices.  A true and correct copy of the August 10, 2023 letter is attached hereto as **Exhibit D**.

17. YS did not respond to the January 12, 2023 letter.

18. As of the date of this lawsuit, YS has failed to pay the monies owed to Lamark under the MSA, Integrated Insertion Order, and Invoices.

## COUNT I – BREACH OF CONTRACT

19. Lamark incorporates by reference the allegations contained in Paragraphs 1 through 18 above as though fully set forth herein.

20. Lamark and YS are parties to the MSA, and Lamark's services were further defined in the Insertion Order.  *See* **Exhibits A–B**.

21. YS breached the MSA by failing to pay the Invoices sent to it by Lamark for the services set forth in the Insertion Order.

22. As a direct and proximate result of YS's aforementioned breach, Lamark has been damaged.

WHEREFORE, Lamark requests that the Court enter a judgment in favor of Lamark and against YS for YS's breach of the MSA, award Lamark all damages it is entitled to as a matter of law for monies owed to Lamark totaling $119,000.00, as well as default interest, costs, attorney's

fees per Paragraphs 3.4 and 12.11 of the MSA, as well as all further relief this Court deems appropriate.

## COUNT II – ACCOUNT STATED

23. Lamark incorporates by reference the allegations contained in Paragraphs 1 through 18 above as though fully set forth herein.

24. Before the institution of this action, Lamark and YS had business transactions between them and they agreed to the resulting balances owed as reflected on the Invoices attached hereto as **Composite Exhibit C**, and further reflected on the January 12, 2023 letter and its attachments sent to YS.

25. Lamark rendered the Invoices attached hereto as **Composite Exhibit C** reflecting the agreed upon amount to YS, and YS did not object to any of these Invoices.

26. YS owes Lamark $119,000.00 that is due with interest on the account.

WHEREFORE, Lamark demands a judgment in its favor and against YS for $119,000.00, as well as default interest, costs, attorney's fees as per Paragraphs 3.4 and 12.11 of the MSA, and such other relief the Court deems appropriate.

Dated:  September 14, 2023.

Respectfully submitted,

**TRIPP SCOTT, P.A.**
*Counsel for Plaintiff Lamark Media Group, LLC*
110 SE 6th Street, 15th Floor
Fort Lauderdale, FL 33301
Telephone: (954) 525-7500

By:*/s/ Ryan H. Lehrer*
Ryan H. Lehrer, Esq.
Florida Bar No. 0084423
rhl@trippscott.com
sxc@trippscott.com

#2694832v1-998556.0016